IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72390-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BASHIR ABDIRASHID MOHAMED, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| MOHAMED A. AHMED, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 23, 2015 |

TRICKEY, J. — Mohamed Ahmed appeals his judgment and sentence for his conviction of robbery in the first degree. He claims that the admission of statements made by his non-testifying codefendant violated his right to confrontation. Because the challenged statements are not testimonial, we disagree and affirm.

## FACTS

One night in December 2013, Abdirisak Hashi went to Waid's, a bar in Seattle's Central District. While at Waid's, Hashi saw Bashir Mohamed and Mohamed Ahmed.[1] Hashi knew Bashir, because Hashi had dated Bashir's sister for a period of several years. Hashi recognized Ahmed but did not know his name. Over the course of the night, Hashi consumed several drinks. He became intoxicated.

---

[1] The court record reflects alternative spellings for the defendants' names, e.g., Mohamed Ahmed, Mohamud Ahmed, Bashir Mohamed, and Basher Mohamed. To avoid confusion, we adopt the following spellings in this opinion: Mohamed Ahmed and Bashir Mohamed. Further, due to the similarity in names, we refer to Bashir Mohamed by his first name. We mean no disrespect to the parties.

Later that night, Hashi left Waid's and went to his car, which was parked outside. He got into his car and tried to start the ignition. At that moment, Ahmed entered Hashi's car, grabbed the keys from Hashi's hand, and threw the keys to Bashir. Hashi ran over to Bashir and demanded his keys. The men refused to return Hashi's keys, and Bashir punched Hashi in the mouth. Bashir and Ahmed then got into Hashi's car and drove away. Two hours later, Tukwila police found Hashi's severely damaged car.

Based on these events, the State jointly charged Bashir and Ahmed with robbery in the first degree. The case proceeded to a joint jury trial, where the State sought to admit portions of jail telephone calls made by Bashir. Ahmed argued that Bashir's statements in the telephone calls implicated him, and he moved to sever his case from Bashir's several times during the trial. The court denied these requests. It admitted the telephone calls into evidence but instructed the jury that the calls were to be used solely against Bashir. Bashir did not testify at trial. The jury convicted Ahmed as charged.

Ahmed appeals.

## ANALYSIS

Ahmed argues that the admission of Bashir's out-of-court statements made during the jail telephone calls violated his right to confrontation under Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), because the statements directly implicated him and because Bashir did not testify.[2] We disagree.

---

[2] Br. of Appellant at 1, 6-11.

2

The Sixth Amendment of the United States Constitution and article I, section 22 of the Washington Constitution guarantee a criminal defendant the right to be confronted with the witnesses against him. U.S. CONST. amend. VI; CONST. art. I, § 22. In Bruton, the United States Supreme Court held that a criminal defendant was deprived of his confrontation rights under the Sixth Amendment when he was incriminated by a pretrial statement of a codefendant who did not take the stand at trial. 391 U.S. at 135-36.

In recent years, however, the United States Supreme Court has clarified the contours of the confrontation clause. Beginning with Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Court has explained that the confrontation clause applies only to "testimonial" statements made by an out-of-court declarant. State v. DeLeon, 185 Wn. App. 171, 208, 341 P.3d 315 (2014).

Both Washington and federal courts have recognized that because Bruton is based on the protections afforded by the confrontation clause, "'[I]t is . . . necessary to view Bruton through the lens of Crawford.'" DeLeon, 185 Wn. App. at 208 (alterations in original) (quoting United States v. Figueroa-Cartagena, 612 F.3d 69, 85 (1st Cir. 2010)). Thus, the Bruton rule similarly applies only to testimonial statements. Accordingly, the "threshold question" in every case is whether the challenged statement is testimonial. Figueroa-Cartagena, 612 F.3d at 85. If it is not, the confrontation clause has no application. Figueroa-Cartagena, 612 F.3d at 85.

3

With regard to what constitutes a "testimonial" statement, the Crawford court indicated that "'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial'" are testimonial. 541 U.S. at 52. The Crawford court also stated, "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." 541 U.S. at 51.

We review de novo alleged violations of the state and federal confrontation clauses. State v. Jasper, 174 Wn.2d 96, 108, 271 P.3d 876 (2012).

Here, the court admitted statements made by Bashir to Hashi during jail telephone calls. Ahmed challenges several of these statements, arguing that Bashir's references to the "other guy" implicated him.[3] In one of these calls, Bashir stated as follows:

> I will be in jail 20 years if you show up the court. Don't show up at the court. . . . I will go [to] trial and it will be dismissed. Of (inaudible) of God, I did not take your car. The other guy is in jail. He was in jail, but this guy was outside. Uh, uh, the other guy who is in jail, he's—he's motherf[***]er. Uh, I can work with you to find him and to prove (phonetic) him. Uh, don't come to court otherwise I will be in jail 20 years.[4]

In another call, Ahmed asserts that Bashir stated, "Tell him the other guy did it. And he was high and crashed the car."[5] It is unclear on this record whether this statement was also admitted at trial. For purposes of our analysis, we assume that it was.

---

[3] Br. of Appellant at 4, 5, 8-10.
[4] 5 Report of Proceedings (RP) at 68.
[5] Br. of Appellant at 5.

We conclude, and Ahmed does not assert otherwise, that Bashir's remarks were not made under circumstances that would lead an objective witness to understand that the statements would later be used in criminal proceedings. The telephone calls did not involve any active participation by a government official. In short, Bashir's out-of-court statements are not testimonial, and their admission at trial did not violate Ahmed's right to confrontation.

Ahmed relies on State v. Vincent, 131 Wn. App. 147, 120 P.3d 120 (2005), and State v. Fisher, 184 Wn. App. 766, 338 P.3d 897 (2014), review granted in part, 183 Wn.2d 1024, 355 P.3d 1154 (2015). But neither of those cases considered whether the challenged statements were testimonial. Thus, they are not helpful to the threshold inquiry before this court, and we do not address them any further.

Given our resolution of this issue, we need not address the State's argument that the admission of Bashir's statements was harmless beyond a reasonable doubt.

We affirm the judgment and sentence.

Trickey, J

WE CONCUR:

